**KAZEROUNI LAW GROUP, APC**
Gor Antonyan, Esq. (SBN: 354718)
gor@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin (SBN: 253265)
david@kazlg.com
301 E. Bethany Home Road, Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Brett Nestadt

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT NESTADT,<br><br>Plaintiff,<br><br>vs.<br><br>DEALSTRUCK CAPITAL, LLC,<br><br>Defendant. | **Case No.**:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C §§ 227(C),** *ET SEQ.*<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//

- 1 -
COMPLAINT

# INTRODUCTION

1. Plaintiff **BRETT NESTADT** ("Plaintiff") brings this action for damages, injunctive relief, and any other available legal or equitable remedies arising from the unlawful actions of Defendant **DEALSTRUCK CAPITAL, LLC** ("Defendant"). Plaintiff asserts that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), by placing unsolicited phone calls to Plaintiff's cellular phone number, which is registered with the National Do-Not-Call Registry.

2. Plaintiff alleges the following upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

3. This action seeks to enforce important consumer privacy protections under both federal and California law. The TCPA was enacted by Congress to protect individuals from intrusive telemarketing practices, including the receipt of unwanted and unauthorized phone calls to phone numbers registered on the National Do-Not-Call Registry.

4. Plaintiff's claims under the TCPA arise from multiple unsolicited marketing phone calls placed by Defendant to Plaintiff's mobile phone without prior express written consent, and despite his number being registered on the National Do-Not-Call Registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

5. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction prohibiting Defendant from continuing its unsolicited marketing practices, as well as an award of statutory damages for each violation, treble damages for knowing and/or willful violations, attorneys' fees, and other relief as provided by law.

6. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction prohibiting Defendant from continuing its unsolicited marketing practices, as well as an award of statutory damages for each violation, treble damages for

knowing and/or willful violations, attorneys' fees, and other relief as provided by law.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff alleges violations of a federal statute, the TCPA, and 28 U.S.C. § 1367 for supplemental state claims which are related to claims in the action within such original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

8. The Court has personal jurisdiction over Defendant because Defendant conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California as not only does Defendant regularly conduct business throughout the State of California, but Plaintiff resides within the State of California, County of Los Angeles.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of Los Angeles. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

11. Defendant is, and at all times mentioned herein was, a limited liability company organized under the laws of the State of Delaware with its principal place of business located in State of Florida. Plaintiff is informed and believes, and thereon alleges, that Defendant regularly conducts business in the State of California, including sending unsolicited text messages to California residents.

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and California Penal Code § 632(b). Defendant has a policy and practice of placing unsolicited phone calls and recording telephone

conversations with consumers, including individuals located in California, without obtaining prior express written consent or informing the called parties that the conversations were being recorded.

13. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

14. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## FACTUAL ALLEGATIONS

15. Defendant is a financial services company that operates nationwide, including within the State of California. Defendant specializes in providing short-term loans, cash advances, and related financing products. Through its marketing and lending activities, Defendant targets California-based consumers, regularly engaging in telephonic and electronic communications within the state in the course of its commercial operations.

16. In Defendant's overzealous attempt to market its services, however, Defendant willfully or knowingly placed (and continues to place) unsolicited and automated telephone calls to persons who have registered their cellular telephone number on the National Do-Not Call Registry.

17. Through this conduct, Defendant has invaded the Plaintiff's privacy.

18. At all times relevant, Plaintiff was a resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

19. Defendant is, and at all times mentioned herein was, a limited liability company and a "person," as defined by 47 U.S.C. § 153(39).

20. At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

21. At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number **(310) 270 - 8564** ("Cell Phone").

22. Plaintiff is the sole user and/or subscriber of his Cell Phone and is financially responsible for phone service to his Cell Phone.

23. Plaintiff's Cell Phone is assigned to his as his personal cellular telephone and Plaintiff uses his Cell Phone primarily for calls with his friends and family and other personal matters.

24. Plaintiff's Cell Phone was added to the National Do-Not-Call Registry on or about **June 7, 2016.**

25. Between approximately June of 2016 and the present day, Defendant sent approximately **around 84 unsolicited** text messages to Plaintiff's cellular telephone.[1]

26. The unsolicited text messages were sent from the following phone numbers: (231) 427-2050, (423) 379-7555, (833) 749-7608, (906) 936-3038, (938) 201-9100, (954) 289-6951, and (978) 312-5886. **All of these phone numbers are owned, assigned to, and operated by the Defendant.**

27. Plaintiff is informed and believes, and thereon alleges, that additional phone numbers were also used by Defendant to contact Plaintiff.

28. On multiple occasions, Plaintiff expressly told Defendant's representatives to stop contacting him, yet the unsolicited text messages persisted.

---

[1] According to the Federal Communications Commission's website, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list, accessed on July 28, 2025: Placing telemarketing calls to wireless phones is - and always has been - illegal in most cases.

- 5 -
COMPLAINT

Defendant ignored these requests and continued its aggressive campaign of telephone solicitations, demonstrating a pattern of disregard for Plaintiff's privacy.

29. Each of the text messages sent by Defendant to Plaintiff's Cellphone intended to induce Plaintiff to purchase Defendant's products or services.

30. The text messages received by Plaintiff constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

31. Plaintiff did not provide Defendant with his cellular telephone number at any point in time, nor did she give permission for Defendant to text message.

32. Plaintiff did not have an established business relationship with Defendant during the time of the telephone solicitations from Defendant.

33. Plaintiff did not have a personal relationship with Defendant at any point in time.

34. Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to text message Plaintiff's cellular telephone for marketing or solicitation purposes.

35. Defendant sent at minimum of 84 unsolicited text messages to Plaintiff's Cell Phone which was registered with the National Do-Not Call Registry, for months prior to the unsolicited text messages in violation of the TCPA, including 47 C.F.R. § 64.1200(c).

36. These unwanted solicitations from Defendant are a nuisance, an invasion of privacy, and wasted Plaintiff's time and enjoyment in use of his personal cellular telephone. All three of these injuries are concrete and *de facto*.

37. Furthermore, Plaintiff was distracted, inconvenienced, and annoyed by having to take time answering some of the text messages.

38. The above telephone solicitations were directly and explicitly linked to Defendant. These text messages are the sole source of Plaintiff's injuries. Therefore, Plaintiff has illustrated facts that show that his injuries are traceable to the conduct of

Defendant.

39. On several occasions, in an effort to stop the text messages, Plaintiff responded to Defendant's unsolicited text messages asking who was contacting him.

40. Upon Plaintiff's request, Defendant informed Plaintiff that it was DEALSTRUCK CAPITAL, LLC.

41. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including the internal Do-Not Call provision in 47 C.F.R. § 64.1200(d). Defendant did not send text messages for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 C.F.R. § 64.1200(C), 47 U.S.C. § 227(C)(5)

42. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

43. Plaintiff received more than one marketing phone call within a 12-month period, sent by or on behalf of Defendant, for the express purpose of marketing Defendant's goods and/or services without Plaintiff's written prior express consent.

44. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

45. Defendant placed multiple unsolicited and unauthorized phone calls to the cellular telephone of Plaintiff which was registered with the National Do-Not Call Registry, for the purpose of marketing goods and/or services to Plaintiff.

46. Defendant knew that it did not have prior express written consent to place these phone calls and knew or should have known that it was calling a cellular number on the National Do-Not Call Registry in violation of the TCPA.

47. Defendant willfully or knowingly allowed phone calls to be placed to

Plaintiff's cellular telephone number that was on the National Do-Not Call Registry. For instance, Defendant could have determined from a review of its own business records and the National Do-Not Call Registry that it could not contact Plaintiff; yet it disregarded such information and placed illegal and unwanted solicitation phone calls.

48. Defendant's phone calls caused Plaintiff actual harm including, but not limited to, invasion of his personal privacy, aggravation, inconvenience, nuisance and disruption in his daily life, reduction in cellular telephone battery life, data, and loss of use of his cellular telephone.

49. Because Defendant knew or should have known that Plaintiff's cellular telephone number was on the National Do-Not Call Registry, the Court should treble the amount of statutory damages available to Plaintiff pursuant to § 227(c)(5) of the TCPA.

50. As a result of Defendant's violations, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C) or in the alternative an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

51. Plaintiff is also entitled to and seek injunctive relief, pursuant to 47 U.S.C. § 227(c)(5)(A), prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

- Injunctive relief prohibiting Defendant from engaging in such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A);
- Actual damages for violations of 47 U.S.C. §§ 227, *et seq*. pursuant to 47 U.S.C. § 227(c)(5)(B);

- Statutory damages of $500.00 for each and every one of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.* pursuant to 47 U.S.C. § 227(c)(5)(B);
- Statutory damages of $1,500.00 for each and every one of Defendant's knowing or willful violations of 47 U.S.C. §§ 227, *et seq.* pursuant to 47 U.S.C. § 227(c)(5)(C);
- Costs of suit;
- Pre-judgment and post-judgment interest on monetary relief; and
- All other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 16, 2025                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/David J. McGlothlin*
David J. McGlothlin, Esq.
david@kazlg.com
*Attorneys for Plaintiff*